**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM LYNCH and CHERYL LYNCH | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO. 4:13cv704 |
| | § | Judge Clark/Judge Mazzant |
| JPMORGAN CHASE BANK, N.A., PAULA M. STRAHAN, and FIRST AMERICAN TITLE COMPANY | § § § § § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 31, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiffs' Motion to Remand [Doc. #13] be denied [Doc. #16]. On February 14, 2014, Plaintiffs filed Objections to the Report and Recommendation of Magistrate Judge [Doc. #23]. On March 3, 2014, Defendant JPMorgan Chase Bank, N.A. filed a response [Doc. #24].

Plaintiffs filed their original petition in state court. Plaintiffs allege various claims against Defendants JPMorgan Chase Bank, N.A. ("Chase") and First American Title Company ("First American"). Plaintiffs also sued Paula M. Strahan ("Strahan") for fraud in a real estate transaction.

1

On November 25, 2013, Chase removed this case to the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, asserting that removal was proper based upon diversity of citizenship. Plaintiffs are citizens of Texas, and Chase pleaded that it is a citizen of Ohio and First American is a citizen of California. Chase also asserted that Strahan was improperly joined.

Plaintiffs filed a motion to remand. It is not contested that there is complete diversity between Plaintiffs and Chase. There is also no dispute that First American is a citizen of California. Plaintiffs move to remand based upon one ground: that diversity does not exist because Plaintiffs and Strahan are both citizens of Texas. Chase asserts that Strahan should be disregarded for diversity purposes because she was improperly joined and Plaintiffs have no viable claims against her.

The issue in this case is whether Chase has established that there is no claim for fraud against Strahan in a real estate transaction under section 27.01 of the Texas Business and Commerce Code. The Magistrate Judge found that Strahan was improperly joined because there was no plausible claim being asserted against Strahan. The Magistrate Judge relied upon the Fifth Circuit decision in *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008). The Magistrate Judge determined that the Fifth Circuit in *Dorsey* found that a loan transaction does not fall within section 27.01. *Id.* at 343. The Magistrate Judge found that *Dorsey* was binding authority and that Chase had met its burden to show that there was no possibility of a section 27.01 claim against Strahan.

Plaintiffs' first objection is that although the Magistrate Judge set forth the correct standard for examining improper joinder, the Magistrate Judge incorrectly relied upon the Fifth

2

Circuit decision in *Dorsey*. Plaintiffs argue that whereas *Dorsey* may be binding authority for deciding the merits of Plaintiffs' claims in federal court, it is not binding for determining of the possibility that Plaintiffs will be able to establish a cause of action in state court. Instead, Plaintiffs assert that the court must evaluate this question from the perspective whether the Texas Supreme Court of the relevant state district court of appeals has decided this issue. Plaintiffs assert that the liability question in this case has not been decided by the Texas Supreme Court or by the Fort Worth Court of Appeals. Plaintiffs continue to assert that the Fifth Circuit's interpretation is not binding on Texas state courts.

The Magistrate Judge rejected this argument, and the court agrees that this argument lacks merit. Although Plaintiffs are correct that a Texas state court would not be bound by a decision by the Fifth Circuit, Plaintiffs seem to miss the fact that they are in federal court rather than state court, which means that this court is bound by decisions of the Fifth Circuit. The Fifth Circuit has examined this issue and determined that a loan transaction does not fall within section 27.01. Plaintiffs do not cite the court to any authority that would allow the court to ignore Fifth Circuit precedent. Moreover, since *Dorsey* was decided, the court is unaware of, and the parties have not cited the court to, any decision by the Texas Supreme Court that states that a loan transaction falls within section 27.01. The Magistrate Judge's reliance upon Fifth Circuit authority is correct. *See Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743 (5th Cir. 1995). The Magistrate Judge correctly determined that because there was neither a contract for nor a sale of land or stock between the parties involved in this case, section 27.01 does not apply and there is no section 27.01 claim against Strahan. Other courts, including this court, have found that section 27 does not apply to a loan transaction. *See Shatteen v. JPMorgan Chase Bank, Nat. Ass'n*, No.

4:10-CV-107, 2010 WL 4342073 (E.D. Tex. Sept. 30, 2010) *adopted by* No. 4:10-CV-107, 2010 WL 4342082 (E.D. Tex. Nov. 2, 2010); *Pradhan v. JP Morgan Chase Bank, NA*, No. 4:12CV539, 2013 WL 617061 (E.D. Tex. Feb. 19, 2013) (citing *Nolan v. Bettis*, 577 S.W.2d 551, 556 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.)); *Texas Commerce Bank Reagan Through Texas Commerce Bank Nat. Ass'n v. Lebco Constructors, Inc.*, 865 S.W.2d 68, 82 (Tex. App.—Corpus Christi 1993, writ denied); *Grant-Brooks v. WMC Mortgage Corp.*, No. 3:02-CV-2455-AH, 2003 WL 23119157, at *6 (N.D. Tex. Dec. 9, 2003)). This objection is overruled.

Plaintiffs' next objection is that the Texas pleadings standards are the appropriate pleading standards to be applied to this case and that the Magistrate Judge erred in applying the federal pleading standard to this case. The Magistrate Judge properly applied utilized a Rule 12(b)(6) analysis to Plaintiffs' complaint at the time of removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). This court has consistently followed federal pleading standards. *See Studer v. State Farm Lloyds*, No. 4:13CV413, 2014 WL 234352 (E.D. Tex. Jan. 21, 2014); *May v. JPMorgan Chase Bank, N.A.*, No. 4:13CV201, 2013 WL 4013119 (E.D. Tex. Aug. 5, 2013); *Wegener v. Wells Fargo Bank, NA*, No. 4:11CV832, 2012 WL 844520, at *2 (E.D. Tex. Feb. 17, 2012).

Plaintiffs cite the court to the Northern District of Texas decision in *Arana v. Allstate Texas Lloyds*, No. 3:13–CV–0750–D, 2013 WL 2149589 (N.D. Tex. May 17, 2013) in support of application of the Texas pleading standards. The Northern District of Texas opinion is not

binding on this court.[1] In addition, Chase correctly points out that Plaintiffs' objection to *Twombly* is a red herring because the Report and Recommendation does not merely hold that Plaintiffs failed to state a claim for relief that is plausible on its face, but also concluded that "there is no possibility of a section 27.01 claim against Strahan." Thus, whether a pleading must "state a claim that is plausible on its face" for purposes of improper joinder is irrelevant here because Plaintiffs' own allegations demonstrate that it is impossible for them to establish a claim for fraud in a real estate transaction under section 27.01 that is the only cause of action asserted against Strahan.

Plaintiffs next object to the dismissal of Strahan because they assert that there are other claims against Strahan which were not before the Magistrate Judge, but are included in the First Amended Petition. The court can only consider the petition on file at the time of removal, and Plaintiffs cite no authority that the court can consider amendments to the state court petition. Moreover, all parties agreed that the amended complaint was irrelevant to the issue of the motion to remand and that the court only looks to the complaint on file at the time of removal. This court will not read into the complaint causes of action Plaintiffs did not assert. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). This objection is overruled.

Plaintiffs next object that First American admits in its motion to dismiss that it is

---

[1] In *Arana*, the court stated that "[i]n two unpublished opinions, the Fifth Circuit applied the Texas pleading standard without expressly equating the improper joinder pleading standard with the Texas standard. *See Akerblom v. Ezra Holdings Ltd.*, —— Fed. Appx. ——, 2013 WL 363112, at *4, 6–7 (5th Cir. Jan.28, 2013) (per curiam) (applying Texas notice pleading standard in improper joinder analysis, but without explaining why); *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. Appx. 533, 536–41 (5th Cir.2005) (applying *Smallwood*, pre-*Twombly*, and Texas pleading standards as if interchangeable)." 2013 WL 2149589, at *4. However, in another unpublished decision, the Fifth Circuit applied federal standards in deciding whether a party was improperly joined. *See Kemp v. CTL Distribution, Inc.*, 440 F. App'x 240, 244 at *7 (5th Cir. 2011).

domiciled in Texas, which destroys diversity.² In the original complaint, Plaintiffs name as a defendant First American Title Company, a California corporation doing business in Texas. It now appears that Plaintiffs may have intended to sue a different entity, First American Title Company, LLC, a Texas limited liability corporation. However, since Plaintiffs failed to name First American Title Company, LLC in the complaint, a non-party cannot destroy diversity. Even if Plaintiffs had sued the Texas First American Title Company as a party, the complaint at the time of removal does not assert any claims against it. Plaintiffs allege no facts that could possibly connect First American Title Company, LLC to any alleged wrongdoing.

Plaintiffs next assert that there are procedural defects because all of the defendants did not consent to removal. The Magistrate Judge did not reach the question of whether Strahan was required to consent, because it was determined that Strahan was improperly joined. Only properly joined defendants are required to consent. Since the court finds that Strahan was not properly joined, the court agrees that consent was not required. In addition, the Magistrate Judge found that Strahan did later give consent. Strahan was served with citation on November 25, 2013, and Strahan filed her consent to removal nine days later, on December 4, 2013. Neither First American Title Company nor First American Title Company, LLC was served prior to removal, and consent is also not required of unserved defendants.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiffs [Doc. #23], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

---

² On April 7, 2014, First American was dismissed [Doc. #29].

It is, therefore, **ORDERED** that Plaintiffs' Motion to Remand [Doc. #13] is **DENIED** and that Paula M. Strahan is **DISMISSED** with prejudice.

.         So **ORDERED** and **SIGNED** this **17** day of **April, 2014.**

_____
Ron Clark, United States District Judge