**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM LYNCH and CHERYL LYNCH, § | | |
| § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | CASE NO. 4:13-CV-704 | |
| § | | |
| JPMORGAN CHASE BANK, N.A., PAULA § | | |
| M. STRAHAN, and FIRST AMERICAN § | | |
| TITLE COMPANY, § | | |
| § | | |
| *Defendants.* § | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On August 21, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #52], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment [Doc. #44] be granted.

Plaintiffs sued Defendant JPMorgan Chase Bank, N.A. ("JPMC") in this case for forfeiture of principal and interest, fraud in a real estate transaction, common law fraud, negligent misrepresentation, breach of contract, violations of the Texas Deceptive Trade Practices Act, negligence, and for declaratory judgment. The Magistrate Judge determined that Plaintiffs' claims should be dismissed, and Plaintiffs should take nothing from their claims and/or counterclaims.

On September 4, 2014, Plaintiffs filed their objections [Doc. #53]. On September 17, 2014, Defendant filed its response [Doc. #54].

1

Plaintiffs first object to the finding of the Magistrate Judge that Plaintiffs' claims for fraud in a real estate transaction, common law fraud, negligent misrepresentation, breach of contract, and negligence fail because these claims were premised on the false assertion that the 2010 Loan violates section 50(a)(6) of the Texas Constitution, and that JPMC misrepresented that it could make a valid home equity loan on the Property [Doc. #53 at 1-2]. Plaintiffs contend that it is undisputed that JPMC did represent the loan as a Texas home equity loan, and that the Magistrate Judge misapplied the facts to the law.

In reviewing Plaintiffs' claims, the Magistrate Judge noted that, while the 2010 Loan may have been "papered" as a home equity loan, it is not a home equity loan. The 2010 Loan lacks many of the characteristics of a home equity loan; for example, it does not include an "advance of additional funds" and is not a refinance of a debt. The Magistrate Judge concluded that "[t]he 2010 Loan is simply a refinance of a prior lien on the Property under section 50(a)(4) of the Texas Constitution" [Doc. #52 at 8]. Plaintiffs' objection does not identify any reason to reject the Magistrate Judge's recommendation. Plaintiffs do not assert that there somehow was an advance of additional funds, or that they relied on the representation by JPMC to their detriment.

In addition, the Magistrate Judge found that even if the 2010 Loan was considered a home equity loan, Plaintiffs' claims pertaining to the 2010 Loan fail as a matter of law because: (1) they are barred by Plaintiffs' own fraud; (2) Plaintiffs raised no issue of fact on the elements of the claims pertaining to the 2010 Loan; and (3) Plaintiffs' negligent misrepresentation and negligence claims are barred by the statute of limitations [*See* Doc. #52 at 8-9]. Plaintiffs do not object to these findings. Thus, Plaintiffs' objection is overruled.

Plaintiffs next object to the finding of the Magistrate Judge that Plaintiffs' claims relating to the 2005 Loan are barred by the statute of limitations because the conduct at issue occurred

nearly nine years ago [*See* Doc. #52 at 10]. Plaintiffs argue that the Magistrate Judge ignored controlling Texas law, and states that the Texas Supreme Court has not yet addressed whether the residual limitations period applies to defects in homestead liens.

As a preliminary matter, the Magistrate Judge found that all of Plaintiffs' claims pertaining to the 2005 Loan, including their claim that the 2005 Loans violate section 50(a)(6) of the Texas Constitution, are based on the false allegation that JPMC never made a principal reduction of $502.68 to the First 2005 Loan. The undisputed evidence demonstrates that JPMC did make a principal reduction of $502.68 to the First 2005 Loan, and the Magistrate Judge found that Plaintiffs' claims pertaining to the 2005 Loan failed on the merits [Doc. #52 at 9-10]. Plaintiffs do not object to this finding, and for this reason alone, the court finds Plaintiffs' claims should be dismissed. Turning to Plaintiffs' objection, the court notes that several Texas courts have adopted the reasoning set out by the Fifth Circuit in *Priester v. JPMorgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), and applied by the Magistrate Judge in this case. *See Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391 (Tex. App. – Dallas 2013, pet. denied) (following *Priester*); *see also Wood v. HSBC Bank USA, N.A.*, No. 14-13-00389-CV, 2014 WL 3747618, at *4 (Tex. App. – Houston [14th Dist.] July 31, 2014, no pet. h.) (citing *Williams* and stating "We too find the *Priester* court's analysis persuasive not only because of its sound reasoning, but also because its conclusion comports with Texas Supreme Court precedent on the key distinction between a void and a voidable act[.]"); *Santiago v. Novastar Mortg., Inc.*, No. 05-13-00619-CV, 2014 WL 4244068 (Tex. App. – Dallas Aug. 28, 2014, no pet. h.) (following *Priester*). The Fifth Circuit recently stated:

> [T]here has been no change in the law that would empower us to overturn the Priester decision. In fact, subsequent Texas decisions have validated Priester's reasoning, finding "the Fifth Circuit's analysis persuasive." *Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391 (Tex. App. – Dallas 2013, pet. denied).

3

> The Texas Supreme Court denied review of the Williams decision, further emphasizing that Priester was rightly decided. We decline to overrule Priester.

*Bormio Investments, Inc. v. USBC Bank USA Nat. Ass'n*, 574 F. App'x 417, 418 (5th Cir. 2014). In light of this precedent, the court sees no reason to deviate from the holding in *Priester*, as applied by the Magistrate Judge, and finds Plaintiffs' section 50(a)(6) claim, with respect to the 2005 Loans, is barred by limitations. Plaintiffs' objection is overruled.

Plaintiffs next object to the Magistrate Judge's finding that there is no controversy. Plaintiffs contend that the controversy at issue is the application of Texas law. As stated above, this objection is overruled.

Plaintiffs next object to the Magistrate Judge's finding that JPMC's counterclaims should, to the extent necessary, be granted. Plaintiffs object to this recommendation on the basis that a loan that violates the Texas Constitution is void. Again, as noted above, Texas courts have adopted the reasoning in *Priester* that violations of section 50(a)(6) only render a loan voidable. Further, the Magistrate Judge found that none of the loans at issue violate the Texas Constitution, and Plaintiffs have not objected to this finding. Plaintiffs' objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #52] is adopted. Accordingly, Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment [Doc. #44] is **GRANTED**, and Plaintiffs' claims and/or counterclaims are dismissed with prejudice.

"    So **ORDERED** and **SIGNED** this **31** day of **October, 2014.**

"

"

_____
 Ron Clark, United States District Judge